UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 14-241-DLB-HAI

WAYDE TRENT                                                                    PLAINTIFF

vs.                         MEMORANDUM OPINION AND ORDER

WILLIAM HUFF, et. al.                                                       DEFENDANTS

*** *** *** ***

## I.   INTRODUCTION

Plaintiff Wayde Trent claims that he was the victim of mistaken identity, which resulted in him being falsely arrested and then incarcerated for twenty-one days. He brings 42 U.S.C. § 1983 and state-law tort claims against several government entities and employees, individually and in their official capacities. Defendant John Couch, in his official capacity as a Kentucky State Police Officer, and the Kentucky State Police move to dismiss on immunity grounds. (Docs. 3, 4). Their Rule 12(b)(6) motions are fully briefed and ripe for review. (Docs. 3, 4, 19-1, 21, 22). For the following reasons, the Court finds their motions well-taken.

## II.   FACTUAL AND PROCEDURAL HISTORY

Trent was arrested on December 12, 2013, pursuant to a warrant for trafficking in a controlled substance. (Doc. 1-1 at ¶¶ 15, 20). He was then incarcerated in the Kentucky River Regional Jail for twenty-one days. (*Id.* at ¶¶ 19, 20). Trent claims that the warrant authorized the arrest of Mr. Wade Trent, 553 Vicco Road, Vicco, Kentucky, 41773. (*Id.* at

1

¶ 16). He, however, is Mr. Wayde Trent, and at the time of his arrest resided at 100 Jamestown Village, Bulan, Kentucky, 41722. (*Id.* at ¶ 17). During Trent's incarceration he informed each of the defendants that he had been wrongfully arrested and detained. (*Id.* at ¶ 21). He was eventually released from custody and cleared of all wrongdoing. (*Id.* at ¶ 20).

Trent alleges that Couch was employed at all relevant times by the Kentucky State Police and had supervisory authority over the warrant. (*Id.* at ¶¶ 8, 18).[1] He brings claims against Couch in his official and individual capacity for deprivation of liberty without due process under § 1983, as well as for false imprisonment under Kentucky law. According to Trent, it was Couch's testimony that eventually cleared him of any wrongdoing. (*Id.* at ¶ 20).

### III.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is met when the facts in the complaint allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," but must contain more than mere "labels and conclusions." *Id.* Put another way, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

1) Couch asserts in his Motion to Dismiss that he was actually employed by a local police agency, but was working as a Task Force Officer with the Kentucky State Police and given statewide authority pursuant to Ky. Rev. Stat. Ann. § 431.007. (Doc. 3 at 1 n.1). Trent has sued Couch in his official capacity as a Kentucky State Police Officer. (Doc. 1-1).

## IV. ANALYSIS

### A. Federal claims

Trent concedes that his § 1983 claims against the Kentucky State Police and Couch in his official capacity as a Kentucky Task Officer should be dismissed. (Doc. 19-1 at 2). The Court will briefly explain why that concession is warranted.

States are entitled to sovereign immunity under the Eleventh Amendment, and absent a waiver, cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Sovereign immunity extends to public agencies that are an "arm or alter ego of the state." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). It also extends to officials of those agencies acting in their official capacity. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)). As a practical matter, these rules bar federal suits by private parties when the ultimate judgment will be paid from the state treasury. *Id.*; *Turker v. Ohio Dep't of Rehab, & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) ("[A] plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

The Kentucky State Police is a department within the executive branch of the Commonwealth, is tasked with statewide law enforcement, and is funded by the Kentucky Generally assembly. Ky. Rev. Stat. Ann. §§ 15A.020, 16.060, 16.050(1). As such, it is an alter ego of Kentucky. *See Barnes v. Hamilton*, 946 F.2d 894, 1991 WL 203113, *2 (6th Cir. 1991) (unpublished); *Fleming v. Ky. State Police*, No. 3:09–35–DCR, 2010 WL 881907,

at *3 (E.D. Ky. Mar. 5, 2010). For these reasons, Trent's § 1983 claims against the Kentucky State Police and Couch in his official capacity must be dismissed. *See Brosky v. Farris*, No. CIV. 11-308-GFVT, 2012 WL 4601283, at *2 (E.D. Ky. Sept. 28, 2012) (holding that the Eleventh Amendment barred § 1983 claims against a Kentucky State Police detective in his official capacity).

### B. State-law claims

"[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). "If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity." *Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007). Because "[t]he prevention of crime is a purely governmental function," *Caudill v. Pinsion*, 24 S.W.2d 938, 940 (Ky. 1930), the Kentucky State Police, and by extension Couch in his official capacity, are immune from Trent's state-law claims. *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2015 WL 3916150, at *2 (E.D. Ky. June 25, 2015) (concluding that the Kentucky State Police and its officers in their official capacity were entitled to sovereign immunity on state-law claims that included false imprisonment); *Brosky v. Farris*, No. CIV. 11-308-GFVT, 2012 WL 4601283, at *3 (E.D. Ky. Sept. 28, 2012) (holding that sovereign immunity shielded the Kentucky State Police and one if its detectives (in his official capacity) from any state-law claims); *McCoy v. Booth*, No. CIV. 08-112-ART, 2008 WL 4937638, at *2 (E.D. Ky. Nov. 17, 2008) ("[B]ecause the Department of Kentucky State Police is entitled to governmental immunity, [Officer] Booth is also entitled to that immunity

4

and is immune from Plaintiffs' state-law claims against him in his official capacity.").

Trent contends that his state-law claims against Couch should not be dismissed because Couch was acting in a "ministerial as opposed to a discretionary capacity." (Doc. 19-1 at 3). This argument, however, is misplaced. The ministerial versus discretionary distinction comes into play when an employee with governmental immunity is sued in his individual capacity. *Doe v. Patton*, 381 F. Supp. 2d 595, 602-03 (E.D. Ky. 2005) (holding that a defendant was entitled to absolute immunity in his official capacity, and then addressing the ministerial/discretionary issue when analyzing the individual capacity claims); *McCrystal v. Ky. State Police*, No. CIV.A.6:07-434-DCR, 2008 WL 4975109, at *3 n.4, *5 n.6 (E.D. Ky. Nov. 20, 2008) (explaining that a Kentucky State Police officer is entitled to absolute immunity for official capacity claims, but only qualified immunity for individual capacity claims); *Booth*, 2008 WL 4937638, at *3 (same).

Trent has sued Couch both in his individual and official capacity. But Couch has moved for dismissal only in his official capacity, and in that capacity, his immunity is absolute. *Autry*, 219 S.W.3d at 717; *Yanero*, 65 S.W.3d at 518, 522. Therefore, his motion to dismiss is granted.

### V. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that:

1) Defendant John Couch's Motion to Dismiss (Doc. # 3) is **GRANTED**. All official capacity claims against John Couch are **dismissed with prejudice**.

2) Defendant Kentucky State Police's Motion to Dismiss (Doc. # 4) is **GRANTED**. All claims against the Kentucky State Police are **dismissed with prejudice.**

This 13th day of August, 2015.



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\London\14-241 MOO granting MTD.wpd